UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:04-45-KKC

DAVID EARLY, Administrator of the
Estate of Joshua Early, Deceased;
KAREN MULLINS, Administratrix of the
Estate of Timothy Mullins, Deceased; and
BRIDGETT STIVERS, Guardian of the
Estate of Thomas Blake Stivers, a Minor,                                    PLAINTIFFS,


vs.                                     **OPINION AND ORDER**


TOYOTA MOTOR CORPORATION and
TOYOTA MOTOR SALES U.S.A., INC.,                                            DEFENDANTS.

* * * * * * * *

This matter is before the Court on a Motion for Summary Judgment [Rec. No. 65] filed by Toyota Motor Sales, U.S.A., Inc. ("Toyota"). For the reasons stated below, the Court GRANTS the Motion.

The facts in this matter are set forth in the Court's March 29, 2007, Opinion and Order [Rec. No. 64].

**I. SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.*

"The trial court no longer has the duty to search the entire record to establish that it is

bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

## II. ANALYSIS

Plaintiffs offered Jay Nogan ("Nogan") as an expert in the fields of dust seal design and warning to testify regarding the alleged defect in the 1994 Toyota truck. Following a *Daubert* hearing on the matter, on March 29, 2007, this Court issued an Order excluding the testimony of Nogan finding that he was not sufficiently qualified to testify as an expert at trial. Defendants bring the current Motion for Summary Judgment arguing that the Court's Order leaves the Plaintiffs without an expert to testify regarding motor vehicle design, performance or warnings, thus, Plaintiffs' evidence is insufficient to submit to a jury.

In a design defect case, plaintiffs are required to prove (1) that the product was in a defective condition unreasonably dangerous to the user; (2) causation; and (3) that a feasible safer alternative design existed that would have prevented the injuries. *Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35 (Ky. 2004).

In the summary judgment context, "[t]he nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001). Plaintiffs concede that without the testimony of Nogan, they cannot meet their burden of proof. [Rec. No. 66, Response, pg. 1].

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Defendants' Motion for Summary Judgment [Rec. no. 65] is **GRANTED**;

(2) Defendants' Motions in Limine [Rec. Nos. 49 and 50] are **DENIED** as **MOOT**;

(3) judgment will be entered contemporaneously with this Opinion and Order in favor of the Defendants.

This the 16th day of May, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge